UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20713-BLOOM/Elfenbein

EXOTROPIN, LLC,

    Plaintiff,

v.

DP DERM, LLC, and BIOSOFT
(AUSTRALIA) PTY LTD,

    Defendants.
_____/

## ORDER ON MOTION TO BIFURCATE

**THIS CAUSE** is before the Court upon Defendants DP Derm, LLC's ("DP Derm"), and Biosoft's (Australia) Ltd's ("Biosoft") (collectively "Defendants")[1] Motion to Bifurcate on the Issue of Liability and Damages ("Motion"), ECF No. [48]. Plaintiff Exotropin, LLC ("Plaintiff") filed a Response in Opposition, ECF No. [52], to which Defendants filed a Reply, [55]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I.  BACKGROUND**

This lawsuit arises from Defendants' use of the "EXO SKIN" Mark, despite knowing of Plaintiff and its prior use of its "EXO SKIN SIMPLE" Mark and EXO SKIN SIMPLE® Registration. ECF No. [15] at ¶ 33. In its Complaint, Plaintiff asserts twelve claims, six under the Federal Trademark Act, 15 U.S.C. § 1051 ("Lanham Act") and six under Florida law pursuant to

---

[1] Per the Motion, "Dermapenworld FZ LLE does not join in this motion, and does not admit proper service of process and does not admit personal jurisdiction nor venue, but believes and expects that this motion should be granted." ECF No. [48] at 1 n.1.

Fla. Stat. § 495.161. On August 8, 2025, the Court denied Defendants' motion to dismiss, and Defendants filed their respective Answers on August 29, 2025.

In the Motion, Defendants contend that the Court should bifurcate the trial into separate phases for liability and damages because liability centers on the threshold issue of likelihood of confusion between the two Marks. ECF No. [48]. Moreover, Defendants assert that the question of damages involves complex, contested, and resource-intensive determinations, and a combined trial risks juror confusion. *Id.* Plaintiff responds that bifurcation will overcomplicate and delay resolution of this matter. ECF No. [52]. Further, Plaintiff asserts that bifurcation would have no bearing on juror comprehension, bias, or confusion, as this is a trademark infringement action involving straightforward issues. *Id.* Defendants reply that bifurcation would not prejudice Plaintiff, and Plaintiff's contention that bifurcation is a tactic to delay the proceedings is unfounded and misrepresents facts. ECF No. [55].

## II.    LEGAL STANDARD

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Whether to bifurcate a trial is subject to the district court's discretion. *See Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345-46 (S.D. Fla. 2008). Merely because issues may be bifurcated does not mean that they should be bifurcated. *Id.* at 1346. Indeed, "[b]ifurcation is the exception, not the rule, and the party seeking bifurcation bears the burden of establishing bifurcation is warranted." *Hudson Specialty Ins. Co. v. Magio's Inc.*, CASE NO. 18-80299-CIV, 2018 WL 8260865, at *1 (S.D. Fla. Apr. 25, 2018). The Court considers certain factors to determine whether bifurcation is appropriate, including:

> (1) convenience; (2) prejudice; (3) expedition; and (4) economy; a court reviewing a motion for separate trials may properly consider (5) whether the issues sought to be tried separately are significantly different; (6) whether they are triable by jury or

the court; (7) whether discovery has been directed to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement.

*Regions Bank v. Legal Outsource PA*, Case No: 2:14-cv-476, 2016 WL 4014875, at *6 (M.D. Fla. July 27, 2016) (quoting *Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608 (N.D. Ga. 1989)); *see also Baratta v. Homeland Housewares, LLC*, NO. 05–60187–CIV, 2008 WL 10989539, at *4 (S.D. Fla. Oct. 28, 2008) ("To determine whether bifurcation is warranted, courts generally consider the following three factors: 1) whether significant resources would be saved by bifurcation, 2) whether bifurcation will increase juror comprehension, and 3) whether bifurcation will lead to repeat presentations of the same evidence and witnesses." (quoting *WeddingChannel.Com Inc. v. The Knot, Inc.*, No. 03 Civ. 7369, 2004 WL 2984305, at *1 (S.D.N.Y. 2004)) (internal quotation marks omitted)).

Courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). "Generally speaking, a court may decline to exercise its discretion to bifurcate discovery, especially when bifurcating discovery would neither promote efficiency nor conserve resources." *MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, CASE NO. 17-22539-CV, 2023 WL 9230350, at *1 (S.D. Fla. Sept. 25, 2023) (citations omitted). "The court must also weigh 'the harm produced by a delay in discovery' against 'the likely costs and burdens of proceeding with discovery.'" *Keegan v. Minahan*, Civil Action No. 23-61148-Civ, 2023 WL 4546253, at *2 (S.D. Fla. July 14, 2023) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). "Both concerns are important — while a defendant should not be forced to expend substantial resources

answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case." *Id.* "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Id.* (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

### III. DISCUSSION

Defendants argue that bifurcation is warranted because liability for each claim hinges on whether Defendants' use of the "EXO SKIN" Mark creates a likelihood of confusion with Plaintiff's "EXO SKIN SIMPLE" Mark. ECF No. [48] at 8. Because this question relies on overlapping evidence across all claims, bifurcating liability would promote judicial economy by resolving this threshold issue efficiently. *Id.* Plaintiff responds that bifurcating liability and damages would result in substantial duplication of effort with no corresponding benefit. ECF No. [52] at 9. Plaintiff further asserts that this is not a case where liability and damages rest on separate records, as many issues are relevant to the determination of both liability and damages. *Id.*

The Court finds that this is not an exceptional case that warrants bifurcation of liability and damages. Defendants fail to point to specific issues that would make this case unusually complex compared to the average trademark infringement case. While Plaintiff asserts twelve claims, the case centers around Defendants' use of one Mark. *See* ECF No. [48] at 1-2. Therefore, despite Defendants' assertion to the contrary, bifurcation will not save significant resources in this case. *See Comput. Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 67 (E.D.N.Y. 2007) ("[The plaintiff] argues that judicial resources would be preserved by bifurcation because a finding of no liability would obviate entirely the need for a second trial. However, the same could be said of every case. In this case, the bifurcation as proposed by [the plaintiff] could result in unnecessary expense, inconvenience, and delay.").

Further, as Plaintiff points out, there is overlap between the liability and damages issues. Discovery thus far has involved both issues. *See* ECF Nos. [52-1], [52-2], [52-3]. Thus, the Court finds that "bifurcation would . . . further prolong this matter by creating additional discovery periods, additional trials, and additional motions for relief," *Baratta*, 2008 WL 10989539, at *5, and would lead to duplication of discovery, evidence, and witnesses. There is also overlap in discovery and evidence on the issue of willful infringement.

> Merely apprising the damages jury of the liability jury's determination that a particular party's conduct was willful will not inform them of the degree of willfulness. Consequently, the damages jury will be without the necessary factual predicate upon which to assess damages for willful conduct. And if the parties were required to provide the necessary factual predicate to the damages jury, wasteful duplication of evidence and effort would occur, and the parties' litigation expenses would concurrently be increased.

*Baratta*, 2008 WL 10989539, at *5 (quoting *THK Am., Inc. v. Nippon Seiko K.K.*, 141 F.R.D. 463, 465 (N.D. Ill. 1991)).

The issue of prejudice also weighs in favor of denying Defendants' Motion. Defendants argue that "[e]vidence of Defendants' commercial activities, financial advantages, or trademark assignments from Biosoft to Dermapenworld FZ LLE may suggest intent irrelevant to determining likelihood of confusion," which would prejudice the finding of liability. ECF No. [48] at 9.[2] However, "the same could be said of every civil action that involves liability and damages." *Baratta*, 2008 WL 10989539, at *5. Here, the Court recognizes that bifurcation would cause

---

[2] Defendants rely on *Zarfaty v. Garden Fresh Restaurant Corp.*, Case No. 15-cv-60268, 2019 WL 5617937, at *2 (S.D. Fla. Oct. 31, 2019), and *Horrillo v. Cook Inc.*, No. 08–60931–CIV., 2014 WL 2712341, at *1 (S.D. Fla. Apr. 29, 2014), for support. However, both cases dealt with bifurcating liability and punitive damages, and neither support Defendants' position. Rather, *Horrillo* supports the Court's conclusion, as the court in *Horrillo* held that "[b]oth compensatory and punitive damages liability, as well as the amount of compensatory damages, if any, shall be determined in the first phase of the trial," and bifurcated only the issue of punitive damages. 2014 WL 2712341, at *1.

unnecessary duplication and further delay the litigation in this case. Accordingly, the Court finds that Defendants have failed to show good cause for bifurcation.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Bifurcate, **ECF No. [48]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 10, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record