UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20713-BLOOM/Elfenbein

EXOTROPIN, LLC,

 Plaintiff,

v.

DP DERM, LLC, and BIOSOFT
(AUSTRALIA) PTY LTD,

 Defendants.
_____/

**OMNIBUS ORDER ON MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**

**THIS CAUSE** is before the Court upon Plaintiff Extropin, LLC's ("Extropin") Motion to Strike Defendant DP Derm LLC's ("DP Derm") Affirmative Defenses, ECF No. [63], Plaintiff's Motion to Strike Defendant Biosoft (Australia) PTY LTD's ("Biosoft") Affirmative Defenses, ECF No. [64], and Plaintiff's Motion to Strike Defendant Dermapenworld FZ LLE's Affirmative Defenses, ECF No. [71]. Each Defendant filed a Response in Opposition. ECF Nos. [66], [67], [75]. Extropin filed Replies in Support. ECF Nos. [69], [70], [78]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Extropin's Motions are granted in part and denied in part

**I. BACKGROUND**

Extropin filed the operative complaint in this action, the First Amended Complaint, ECF No. [15], on March 25, 2025. Thereafter, Defendants filed their respective Answers and Affirmative Defenses. ECF Nos. [60], [61], [68]. Extropin now moves to strike Defendants' Affirmative Defenses, arguing the Defendants fell short of their pleading requirements, offering only vague bare-bone assertions and a "hodge-podge" of legal conclusions, devoid of any facts. ECF Nos.

[63], [64], [71]. Defendants respond that each Affirmative Defense provides fair notice under the Rule 8 pleading requirements, and any labeling or specificity issues can be cured through amendments. ECF Nos. [66], [67], [75].

## II.   LEGAL STANDARD

### A. Motion to Strike Affirmative Defenses

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, striking affirmative defenses has long been disfavored, and "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *United States Commodity Futures Trading Commission v. Mintco LLC*, 2016 WL 3944101, at *2 (S.D. Fla. 2016) (internal quotation omitted).

Courts are split regarding the standard for pleading affirmative defenses. The Eleventh Circuit has not yet settled this split nor established one appropriate standard for affirmative defenses. *See, e.g.*, *Mad Room, LLC v. City of Miami*, 2024 WL 2776173, at *1 (S.D. Fla. 2024). Some courts follow the Rule 8(a) standard, according to which a pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 8(a). Other courts, including this Court, have applied a less stringent standard derived from the language of Rule 8(b) and 8(c), which only requires affirmative defenses to "provide fair notice of the nature of the defense and the grounds upon which it rests." *Northrop and Johnson Holding Company, Inc. v. Leahy*, 2017 WL 5632041, at *3 (S.D. Fla. 2017) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 8(b)-(c).

Under the lower pleading standard, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *Northrop* at *3 (internal quotation marks and citation omitted). "An affirmative defense is insufficient as a matter of law where: (1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* (citations omitted). In evaluating a motion to strike affirmative defenses, the Court does not "consider the merits of any affirmative defense because the [c]ourt accepts all well-pled facts as true and only evaluates the legal sufficiency of an affirmative defense.'" *Mad Room*, 2024 WL 2776173, at *2.

### III.   DISCUSSION

#### A. Motion to Strike DP Derm's Affirmative Defenses

##### i.   DP Derm's First Affirmative Defense

DP Derm's First Affirmative Defense asserts that "The Complaint fails to state a claim upon which relief can be granted." ECF No. [60] at 8. Extropin contends that it improperly asserts a challenge to the sufficiency of the Complaint, which is not a true affirmative defense, and pleading defects should be raised in a Rule 12(b)(6) motion to dismiss. *Id*. Moreover, DP Derm filed its motion to dismiss and failed to raise any pleading defects. DP Derm responds that Courts in this District routinely decline to strike this defense and instead treat such assertions as denials., citing *Pujals ex rel. El Rey de los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1330 (S.D. Fla. 2011); *McLendon v. Carnival Corp.*, No. 20-25138, 2021 WL 848945, at *3 (S.D. Fla. Mar. 5, 2021) (treating mis-labeled defenses as denials).

The Court agrees that it is not a true Affirmative Defense and, therefore, will treat it as a denial rather than strike it. *See Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CV-60885, 2015 WL 11197802, at *1 (S.D. Fla. Apr. 27, 2015) (collecting cases for the proposition that specific denials labeled as affirmative defenses are to be treated as denials rather than stricken); *FAST SRL v.*

*Direct Connection Travel LLC*, 330 F.R.D. 315, 319 (S.D. Fla. 2018) (same); *Northrop & Johnson Holding Co., Inc.*, 2017 WL 5632041, at *3 (denying motion to strike affirmative defenses because "[w]hile [the] Court agrees that the defenses are merely denials, the appropriate remedy is not to strike Affirmative Defenses 5, 9, and 14, but rather to treat them as specific denials"). The Motion, accordingly, is denied on this point.

### ii. DP Derm's Sixth, Seventh, and Eighth Affirmative Defenses

DP Derm's Sixth, Seventh, and Eighth Affirmative Defenses state:

> 6. Waiver, Estoppel, Laches. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, and/or laches.
>
> 7. Unclean Hands. Plaintiff's claims are barred by the doctrine of unclean hands.
>
> 8. Statute of Limitations. Some or all claims are time-barred.

ECF No. [60] at 9.

Extropin moves to strike DP Derm's Sixth, Seventh, and Eighth Affirmative Defenses as vague and ambiguous shotgun pleadings. Extropin argues they "do not respond to a specific count of the [C]omplaint. . . and are nothing more than a kitchen sink of distinct legal doctrines." *Id*. DP Derm responds that its Affirmative Defenses are sufficient under Rule 8's fair notice standard. Moreover, courts routinely allow recognized equitable defenses to proceed especially where the facts are within Plaintiff's control or will be developed in discovery.

While bare bones and boilerplate, Defendants have placed Plaintiffs on notice that these defenses may be raised at trial and have therefore satisfied the pleading burden for affirmative defenses. *Hewitt v. Mobile Rsch. Tech., Inc.*, 285 F. App'x. at 696; *see also Jones v. Kohl's Dep't Stores, Inc.*, Case No. 15-CIV-61626, 2015 WL 12781195, at *2 (S.D. Fla. Oct. 16, 2015) (denying motion to strike "single sentence defense" of laches, unclean hands, and waiver because they are "sufficient—boilerplate but well-recognized [ ] valid defenses"); *Nobles v. Convergent Healthcare*

*Recoveries, Inc.*, No. 8:15–cv–1745, 2015 WL 5098877, at *2 (M.D. Fla. Aug. 31, 2015) (declining to strike affirmative defenses that, "although stated in general terms," gave sufficient notice of the defenses the defendant intended to raise); *Allstate Ins. Co. v. Meek*, No. 8:19-cv-1181-T-36CPT, 2020 WL 2114613, at *4 (M.D. Fla. May 4, 2020). "[T]o the extent Plaintiff[s] require[ ] greater factual detail…Plaintiffs may acquire those facts through discovery." *Diamond Resorts U.S. Collection Dev., LLC v. Miller*, No. 6:20-CV-1668-PGB-LRH, 2022 WL 452480, at *6 (M.D. Fla. Jan. 11, 2022).

Extropin also argues DP Derm's Eighth Affirmative Defense is invalid as a matter of law, as its claims under the Lanham Act have no statute of limitations and the claims under Florida law are governed by Florida's "catch all" statute of limitations period of four years. *Id*. at 4-5 (citing Fla. Stat. §95.11(o)). Moreover, Extropin asserts that DP Derm has not and cannot plausibly claim that the infringing trademark has been sold for more than four years in the United States. *Id*. DP Derm concedes that the Lanham Act has no statute of limitations but offers to clarify that its Eighth Affirmative Defense is asserted as to "laches for the Lanham Act and as statute of limitations for [Extropin's] state-law claims." ECF No. [66] at 5.

In the Eleventh Circuit, courts apply the equitable defense of laches to bar untimely trademark infringement claims, using analogous state law limitations to determine whether delay is unreasonable. *Kason Indus., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1203 (11th Cir. 1997). The Lanham Act "expressly provides for defensive use of 'equitable principles, including laches'". *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678 (2014). The Court notes that DP Derm already asserts laches as its Sixth Affirmative Defense, and though Extropin avers that DP Derm cannot plausibly claim the infringing trademark has been sold for more than

four years, the Court is not able to make such a determination at this stage. As such, the Motion is denied as to DP Derm's Sixth, Seventh, and Eighth Affirmative Defenses.

### iii. DP Derm's Third and Fifth Affirmative Defenses

DP Derm's Third and Fifth Affirmative Defenses state:

> 3. Fair Use. Any alleged use is descriptive, nominative, or otherwise a fair use.
>
> 5. Abandonment/Acquiescence. Plaintiff has abandoned, acquiesced in, or failed to police its marks.

ECF No. [60] at 8-9. Extropin moves to strike DP Derm's Third and Fifth Affirmative Defenses as "conclusory allegations that fail to meet the pleading standards of Rule 8(a)" because DP Derm's allegations are unsupported by facts and fail to provide Extropin with fair notice. ECF No. [63] at 6. DP Derm responds that its third and fifth affirmative defenses are "standard in trademark litigation and put [Extropin] on notice of the issues to be developed in discovery." ECF No. [66] at 5. The Court agrees with DP Derm. While Extropin argues the affirmative defenses fail to meet the pleading standards of Rule 8(a), DP Derm's assertions of Fair Use, Abandonment, and Acquiescence are sufficiently recognized to satisfy the "fair notice" requirement of Rule 8(b).

### iv. DP Derm's Second, Fourth, and Ninth Affirmative Defenses

DP Derm's Second, Fourth, and Ninth Affirmative Defenses state:

> 2. No Likelihood of Confusion. DP Derm's conduct is not likely to cause confusion with Plaintiff's mark.
>
> 4. Weak or Descriptive Marks. Plaintiff's marks are weak, descriptive, or generic and not entitled to broad protection.
>
> 9. No Irreparable Harm. Plaintiff cannot show irreparable harm and has adequate remedies at law.

ECF No. [60] at 8-9. Extropin moves to strike DP Derm's Second, Fourth, and Ninth Affirmative Defenses as "conclusory and unsupported by factual allegations." ECF No. [63] at 6. In its Response, DP Derm concedes that its Second and Fourth Affirmative Defenses are denials. ECF

6

No. [66] at 5. Accordingly, the Court denies the Motion as to the Second and Fourth Affirmative Defenses and treats them as denials.

As to the Ninth Affirmative Defense, DP Derm responds that "the Trademark Modernization Act reinstated a rebuttable presumption of irreparable harm upon a merits showing for injunctive relief, while expressly allowing defendants to rebut that presumption." *Id*. at 6 (citing 15 U.S.C. § 1116(a) (as amended 2020)). DP Derm's claim that Extropin cannot show irreparable harm is not an affirmative defense. The Trademark Modernization Act creates a rebuttable presumption of irreparable harm that shifts the burden to defendants to rebut once the plaintiff establishes likelihood of success on the merits. *See* 15 U.S.C. § 1116(a). As such, the rebuttable presumption of irreparable harm operates within the plaintiff's burden of proof for injunctive relief and the plaintiff need not affirmatively prove irreparable harm once likelihood of success is shown and instead, defendants must present evidence to rebut the presumption. *The Filta Grp., Inc. v. LXU, Ltd.*, No. 6:25-CV-914-PGB-NWH, 2025 WL 3718465, at *5 (M.D. Fla. Dec. 23, 2025). Accordingly, the Motion to strike is granted.

### v. DP Derm's Tenth Affirmative Defense

DP Derm's Tenth Affirmative Defense states:

> 10. Good Faith. DP Derm acted in good faith without willful infringement.

ECF No. [60] at 9. Extropin moves to strike DP Derm's Tenth Affirmative Defense because DP Derm's assertions are not defenses to liability under the Lanham act or Florida trade dress law. ECF No. [63] at 7. DP Derm responds that its Tenth Affirmative Defense "goes to remedies, including profits, enhanced damages, and attorney's fees." ECF No. [66] at 6. Accordingly, the Court grants the Motion to strike.

### B. Motion to Strike Biosoft's Affirmative Defenses

#### i. Biosoft's First Affirmative Defense

Biosoft's First Affirmative Defense asserts, "The Complaint fails to state a claim upon which relief can be granted." ECF No. [61] at 8. Extropin moves to strike Biosoft's First Affirmative Defense because it improperly asserts a challenge to the sufficiency of the Complaint. For the reasons stated above as to DP Derm's First Affirmative Defense, the Court treats it as a denial.

#### ii. Biosoft's Seventh, Eighth, and Ninth Affirmative Defenses

Biosoft's Seventh, Eighth, and Ninth Affirmative Defenses state:

> 7. Waiver, Estoppel, Laches. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, and/or laches.
>
> 8. Unclean Hands. Plaintiff's claims are barred by the doctrine of unclean hands.
>
> 9. Statute of Limitations. Some or all claims are time-barred.

ECF No. [61] at 9. Biosoft's Seventh, Eighth, and Ninth Affirmative Defenses mirror DP Derm's Sixth, Seventh, and Eighth Affirmative Defenses and Extropin makes the same arguments in support of its Motion as it did for DP Derm. The Court denies the Motion to strike on the same grounds.

#### iii. Biosoft's Fourth and Sixth Affirmative Defense

Biosoft's Fourth and Sixth Affirmative Defenses state:

> 4. Fair Use. Any alleged use is descriptive, nominative, or otherwise a fair use.
>
> 6. Abandonment/Acquiescence. Plaintiff has abandoned, acquiesced in, or failed to police its marks.

ECF No. [61] at 9. Biosoft's Fourth and Sixth Affirmative Defenses mirror DP Derm's Third and Fifth Affirmative Defenses and Extropin makes the same arguments in support of its Motion as it did for DP Derm. The Court denies the Motion to strike on the same grounds.

Case No. 25-cv-20713-BLOOM/Elfenbein

### iv.  Biosoft's Second, Third, Fifth, and Tenth Affirmative Defenses

Biosoft's Second, Third, Fifth, and Tenth Affirmative Defenses state:

> 2. Lack of Standing. Plaintiff lacks standing to assert some or all claims.
>
> 3. No Likelihood of Confusion. Biosoft's use of the term "EXO SKIN" is not likely to cause confusion with Plaintiff's mark.
>
> 5. Weak or Descriptive Marks. Plaintiff's marks are weak, descriptive, or generic and not entitled to broad protection.
>
> 10. No Irreparable Harm. Plaintiff cannot show irreparable harm and has adequate remedies at law.

ECF No. [61] at 8-9. Apart from Biosoft's Second Affirmative Defense (lack of standing), its Third, Fifth, and Tenth affirmative defenses mirror DP Derm's Second, Fourth, and Ninth affirmative defenses. Extropin makes the same arguments in support of its Motion as it did for DP Derm. ECF No. [64] at 6. Accordingly, the Motion to strike is denied as to Biosoft's Third and Fifth Affirmative Defenses on the same grounds and the Court will treat them as denials. The Motion to strike is granted as to Biosoft's Tenth Affirmative Defense.

As to Biosoft's Second Affirmative Defense, the Court finds that Biosoft's claim is not properly characterized as an affirmative defense. Standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *United States v. Ross*, 963 F.3d 1056, 1062 (11th Cir. 2020) (quoting *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007)). "[T]he party invoking federal jurisdiction bears the burden of proving standing." *Bischoff v. Osceola Cty.*, 222 F.3d 874, 878 (11th Cir. 2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). As such, the question of standing is distinguished from affirmative defenses where the defendant bears the burden of pleading of proof. Accordingly, the Motion to strike is granted.

Case No. 25-cv-20713-BLOOM/Elfenbein

### v. Biosoft's Eleventh Affirmative Defense

Biosoft's Eleventh Affirmative Defense states:

> 11. Good Faith. Biosoft acted in good faith without willful infringement.

ECF No. [61] at 9. Biosoft's Eleventh Affirmative Defense mirrors DP Derm's Tenth Affirmative Defense. Extropin makes the same arguments in support of its Motion as it did for DP Derm. ECF No. [64] at 7. The Court grants the Motion to strike on the same grounds.

### C. Motion to Strike Defendant Dermapenworld FC's Affirmative Defenses

#### i. Dermapenworld FC's First Affirmative Defense

Dermapenworld FC's First Affirmative Defense states, "The Lanham Act does not apply extraterritorially to Dermapenworld's alleged conduct and/or Plaintiff cannot show qualifying use in U.S. commerce." ECF No. [68] at 7. Extropin moves to strike arguing it is "wholly insufficient as a matter of law because it is entirely devoid of any facts that provide the basis for its applicability, and is patently frivolous because it simply points out evidence that Plaintiff allegedly lacks (without consideration for the truth)." ECF No. [71] at 4. Dermapenworld FC responds that its First Affirmative Defense is routine for a foreign defendant and provides clear notice to Extropin. ECF No. [75] at 3.

Neither a territoriality nor a "use in commerce" negation are affirmative defenses in a Lanham Act case. Rather, under the Lanham Act, "use in commerce" is an essential element the Plaintiff must establish as part of its *prima facie* case. *See* 15 U.S.C. § 1114. Moreover, the territoriality principle relates to the scope of the Lanham Act and is not an affirmative defense. *See Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412, 415. (2023) (holding that 15 U.S.C. § 1114(1)(a) is not extraterritorial and that they extend only to claims where the claimed infringing use in commerce is domestic). The Motion is granted.

10

### ii. Dermapenworld FC's Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses

Dermapenworld FC's Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses state:

2. Fair Use. Any alleged use is descriptive, nominative, or otherwise a fair use.

3. Weak or Descriptive Marks. Plaintiff's marks are weak, descriptive, or generic and not entitled to broad protection.

5. Waiver, Estoppel, Laches. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, and/or laches.

6. Unclean Hands. Plaintiff's claims are barred by the doctrine of unclean hands.

ECF No. [68] at 7. Dermapenworld FC's Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses mirror DP Derm's Third, Fourth, Fifth, Sixth, and Seventh Affirmative Defenses. Extropin makes the same arguments in support of its Motion as it did for DP Derm. The Court denies the Motion to strike on the same grounds.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [63]**, is **GRANTED IN PART and DENIED IN PART.**

2. Plaintiff's Motion, **ECF No. [64]**, is **GRANTED IN PART and DENIED IN PART.**

3. Plaintiff's Motion, **ECF No. [71]**, is **GRANTED IN PART and DENIED IN PART.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 4, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record